# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**ELIZABETH L. PERRIS**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

DIANE K. BRIDGE, LAW CLERK
BETHANY COLEMAN-FIRE, LAW CLERK

May 21, 2013
<u>Corrected Letter</u>

Carolyn G. Wade
Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096

Timothy P. Carnahan
1779 NE Tucson Way
Bend, OR 97701

  Re: <u>State of Oregon, Employment Department v. Carnahan</u>,
    Adv. No. 12-3186
    <u>In re Timothy P. Carnahan</u>, Case No. 12-33456-elp7

Dear Ms. Wade and Mr. Carnahan:

  Earlier I sent the letter below. Ms. Wade has called my chambers and pointed out a typographical and mathematical error at the end of part 1, in part 2, and in the Conclusion. Those errors are corrected below.

  For the reasons set out in the court's March 19, 2013, correspondence (doc. 32) and taking into consideration creditor's March 22, 2013, correspondence (doc. 33) and debtor's April 18, 2013, correspondence, I find that creditor has shown that part of the debt owed to creditor is nondischargeable. Although creditor raises a new basis for nondischargeability in its correspondence, this court does not consider whether and to what extent the penalty portion of the debt is nondischargeable under § 523(a)(7) (the new claim) for the reasons discussed below.

1. <u>Part of the debt is nondischargeable under § 523(a)(2)(A)</u>

  As explained in this court's March 19, 2013 correspondence, "although creditor had shown that debtor made a willful misrepresentation, it had not persuaded me that all of debtor's representations it complained about had been willful misrepresentations." Doc. 32. I found "that debtor made willful misrepresentations regarding the hours he worked and the pay he

received." Id. I did not find debtor's misrepresentations regarding the termination of his employment willful. Id.

Under well-settled Ninth Circuit law, a claim is nondischargeable under § 523(a)(2)(A) if:

> (1) the debtor made . . . representations;
>
> (2) that at the time he knew they were false;
>
> (3) that he made them with the intention and purpose of deceiving the creditor;
>
> (4) that the creditor relied on such representations; [and]
>
> (5) that the creditor sustained the alleged loss and damage as the proximate result of the misrepresentations having been made.

In re Sabban, 600 F.3d 1219, 1222 (9th Cir. 2010)(quoting Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi), 104 F.3d 1122, 1125 (9th Cir.1996)).

Because I found that debtor's misrepresentations regarding the termination of his employment were not willful, creditor was unable to meet its burden under § 523(a)(2)(A) as to the portion of the debt related to misrepresentations about termination and that portion of the debt is, therefore, dischargeable.

With respect to debtor's representations regarding the hours he worked and the pay he received, I held that the first four elements under § 523(a)(2)(A) were met.

Creditor argues and I agree that the Administrative Decision shows that several of the payments would not have been made to debtor if he had accurately represented his hours worked or wages paid. The amounts paid from the seventh to the tenth week of 2008 and the forty-second and forty-third week of 2008 were based on debtor's report that he had neither worked nor received compensation during those weeks. Had debtor accurately reported his hours worked and pay received, it appears he would have received a reduced unemployment benefit for those weeks: a total of $270 rather than $788 for the seventh to the tenth week of 2008 and $0 rather than $394 for the forty-second and forty-third weeks of 2008. Therefore, creditor is able meet its burden showing that it sustained the alleged loss and damages as a proximate result of the misrepresentation. Accordingly, those

amounts overpaid, totaling $912, constitute a nondischargeable debt under § 523(a)(2)(A).

In its complaint, creditor also sought a determination of nondischargeability under § 523(a)(2)(A) of a 15 percent penalty arising under ORS 657.310(2). ORS 657.310(2) provides that a person disqualified from receiving unemployment benefits based on a willful misrepresentation "is liable for a penalty in an amount equal to 15 percent of the amount of benefits received but to which the individual was not entitled."

A debt is not dischargeable when it "arises from a debtor's fraudulent acquisition of money, property, etc.." In re Sabban, 384 B.R. 1, 6 (9th Cir. BAP 2008)(quoting Cohen v. De La Cruz, 523 U.S. 213, 221 (1998). This includes noncompensatory damages. Id. Debt not flowing from debtor's willful misrepresentation may not be held nondischargeable under § 523(a)(2). Id. at 6-7.

Creditor seeks a determination of nondischargeability of a penalty "arising from" the entire overpayment of benefits. However, as explained above, only $912 of the benefits overpaid arose from a willful misrepresentation. Therefore, only the portion of the penalty attributable to that amount, 15 percent of $912 or $136.80, is nondischargeable under § 523(a)(2)(A). The remainder does not meet the requirements for nondischargeability under § 523(a)(2)(A).

2. Nondischargeability under § 523(a)(7)

Creditor raised for the first time in its correspondence that the penalty portion of its claim may be nondischargeable under 11 U.S.C. § 523(a)(7). Creditor also takes the position that the § 523(a)(7) claim "does not need to be addressed in this court's opinion." Because creditor did not raise this issue in its complaint and seeks no determination from the court, the court does not address whether the penalty portion of the debt that exceeds the $136.80 discussed above is dischargeable.

3. Offsets for Payments Made and Other Arguments

Debtor argues in his April 18, 2013, correspondence that some or all of the debt held to be nondischargeable should be offset by payments he already made on the debt. The Court does not have enough information to consider the belated argument. This is not the type of new evidence that could not have been discovered by debtor until now. Debtor had access to this information for the duration of these proceedings. Accordingly, the time for debtor to raise this issue is past.

Debtor's other arguments regarding the appropriate number of weeks debtor could be barred from collecting unemployment benefits were already addressed in this court's March 19, 2013 correspondence.  Therefore, they will not be addressed again here.

## CONCLUSION

Creditor is entitled to a judgment of nondischargeability under § 523(a)(2) in the amount of $912 plus $136.80.  No determination is made as to the dischargeability of the penalty under § 523(a)(7).  The balance of the amounts claimed in creditor's complaint are discharged.

Creditor's counsel shall submit a judgment of nondischargeability according to the above terms within 14 days.

Very truly yours,

*Elizabeth L. Perris*

Elizabeth L. Perris
Bankruptcy Judge